UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. _____

WESTERN WORLD INSURANCE COMPANY,

        Plaintiff,

v.

STONEYBROOK BUILDERS and JASON JARMULOWICZ,

        Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

### INTRODUCTION

This is an action for declaratory relief pursuant to 28 U.S.C. § 2201, brought by Plaintiff Western World Insurance Company, against Defendants Stoneybrook Builders and Jason Jarmulowicz, to determine its rights and obligations under a policy of insurance, specifically that it is obligated neither to defend nor indemnify the Defendants in a currently pending litigation.

### NATURE OF THE ACTION

1. This is an action for declaratory relief with regard to an insurer's obligation under a commercial general liability policy, as more fully described below.

### THE PARTIES

2. The Plaintiff, Western World Insurance Company (hereinafter referred to as "Western World"), is a company organized under the laws of the state of New Hampshire, with a

principal place of business in New Jersey. Among the company's services, Western World offers for sale various insurance products including commercial general liability policies.

3. The Defendant, Stoneybrook Builders (hereinafter referred to as "Stoneybrook"), is a company organized under the laws of the Commonwealth of Massachusetts, with a principal place of business in Massachusetts.

4. The Defendant, Jason Jarmulowicz (hereinafter referred to as "Jarmulowicz"), resides at 26 Main Street in Spencer, Massachusetts. Jarmulowicz is or was the owner of Stoneybrook.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between Western World, Stoneybrook and Jarmulowicz, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

6. Venue properly lies with this Court pursuant to 28 U.S.C. § 1391 since the events giving rise to this complaint substantially arose and occurred in this judicial district.

## FACTUAL BACKGROUND

7. On January 25, 2012, Jarmulowicz submitted an Application for General Contractors ("Application") in furtherance of obtaining general liability insurance coverage for himself and for Stoneybrook, a construction company. A true and accurate copy of the Application is attached as Exhibit A.

8. Policy No. NPP8085515 was issued to Stoneybrook and Jarmulowicz (hereinafter referred to collectively as the "Insureds"), with a policy period of February 14, 2012 to February 14, 2013 (hereinafter referred to as the "Policy"). A true and accurate copy of the Policy is attached as Exhibit B.

9. The Policy provides the Insureds with a General Aggregate Limit (other than Products-Completed Operations) of $2,000,000, with an Each Occurrence Limit of $1,000,000.

10. Included in the Policy is a duty to cooperate with defense counsel and the insurer in the investigation and the defense of a claim:

> **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**
>
> ……
>
> **2. Duties In The Event Of Occurrence, Offense, Claim or Suit**
>
> ……
>
> **c.** You and any other involved insured must:
>
> ……
>
>> **(3)** cooperate with us in the investigation or settlement of the claim or defense against the suit

Policy No. NPP8085515, Commercial General Liability Coverage Form CG00011207, p. 11 of 16.

11. On March 28, 2013, the Insureds were named as defendants in an action entitled, *KC's Sports Cards and Memorabilia v. Stoneybrook Builders and Jason Jarmulowicz*, pending in the Suffolk Superior Court as Civil Action No. 2013-01172-B (the "KC Sports Litigation").

12. In the KC Sports Litigation, the plaintiff alleges six causes of action against the Insureds relating to an alleged $174,928.81 in damages caused by a broken water pipe at 33 Temple Street in Quincy, Massachusetts.

13. The Insureds did not tender notice of the KC Sports Litigation to Western World, or otherwise ask Western World to provide defense and/or indemnity coverage under the Policy. Rather, Western World was apprised of the KC Sports Litigation through Sloane & Walsh LLP, counsel for the plaintiff in that action, KC's Sports Cards and Memorabilia ("KC's Sports Cards").

3

14. In fact, the Insureds were served with the Complaint in the KC Sports Litigation and never apprised Western World of such service.

15. Included in the Policy is a duty to immediately notify Western World of a lawsuit filed against an Insured and to provide copies to Western World of any such lawsuit:

> **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**
> ......
> **2. Duties In The Event Of Occurrence, Offense, Claim or Suit**
> ......
> **b.** If a claim is made or "suit" is brought against any insured, you must:
> ......
> 
> **(2)** notify us as soon as practicable.
> 
> You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
> 
> **c.** You and any other involved insured must:
> 
> **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit"

Policy No. NPP8085515, Commercial General Liability Coverage Form CG00011207, p. 11 of 16.

16. Even though the Insureds did not tender notice of the KC Sports Litigation to Western World, as required under the Policy, Western World nevertheless advised the Insureds that it would provide a defense to the Insureds for the KC Sports Litigation.

17. Western World assigned as defense counsel Frank S. Puccio, Jr. (hereinafter referred to as "Puccio") of Burns & Farrey, to provide a defense to the Insureds in the KC Sports Litigation.

18. By November 4, 2013, Jarmulowicz had failed to respond to several attempts made by Puccio to discuss written discovery propounded upon the Insureds in the KC Sports Litigation.

4

19. In addition to Puccio's attempts to contact Jarmulowicz, Western World and/or investigators retained by Western World made several other attempts to contact Jarmulowicz regarding the KC Sports Litigation.

20. Western World sent Jarmulowicz a letter dated November 6, 2012, to which no response was received. A true and accurate unsigned copy of the November 6, 2012 letter is attached as <u>Exhibit C</u>.

21. Western World and/or investigators retained by Western World left messages on the cellular telephone of Jarmulowicz on August 27, 2013, August 28, 2013, and August 29, 2013. These calls were not returned.

22. Numerous calls have been made to the cellular telephone of Jarmulowicz since August 29, 2013. At the time of each call, the line is disconnected after several rings, as if someone is picking up the phone and then hanging up, so as to prevent the caller from being able to leave a message.

23. A letter dated October 30, 2013, was sent on behalf of Western World to Jarmulowicz, via regular and certified mail, asking Jarmulowicz to contact Puccio regarding the KC Sports Litigation. This letter also went unanswered. A true and accurate unsigned copy of the October 30, 2013 letter is attached as <u>Exhibit D</u>.

24. On November 4, 2013, Peabody & Arnold LLP, counsel for Western World, sent a letter to Jarmulowicz advising him of: Western World's efforts to reach Jarmulowicz regarding the KC Sports Litigation, the Insureds' duty to cooperate under the Policy and under Massachusetts law, and the consequences of the Insureds' failure to cooperate (hereinafter referred to as the "November Letter"). The November Letter was sent via certified mail, return

receipt requested and by first class mail. A true and accurate copy of the November 4, 2013 letter is attached as <u>Exhibit E</u>.

25. On December 2, 2013, the November Letter sent by certified mail, return receipt requested to Jarmulowicz was returned to Peabody & Arnold LLP with a label that read:

**RETURN TO SENDER**
**UNCLAIMED**
**UNABLE TO FORWARD**

26. The November Letter sent by first class mail to Jarmulowicz was not returned.

27. On December 11, 2013, Jarmulowicz failed to appear for a scheduled meeting with Puccio and Jarmulowicz's personal counsel, Joseph Lussier, Esq. (hereinafter referred to as "Lussier"). On the morning of December 11, 2013, Puccio was informed by Lussier that Jarmulowicz would not be attending the meeting due to "snow work." At this time, Puccio reiterated to Lussier that written discovery propounded upon the Insureds in the KC Sports Litigation was significantly overdue.

28. On December 13, 2013, Peabody & Arnold LLP sent a second letter to Jarmulowicz, again advising Jarmulowicz of Western World's efforts to reach Jarmulowicz regarding the KC Sports Litigation, the Insureds' duty to cooperate under the Policy and under Massachusetts law, and the consequences of the Insureds' failure to cooperate (hereinafter referred to as the "December Letter"). The December Letter was sent via certified mail, return receipt requested and by first class mail to Jarmulowicz. A copy was sent to Lussier. To date, neither Jarmulowicz nor Lussier has responded to the December Letter. A true and accurate copy of the December 13, 2013 letter is attached as <u>Exhibit F</u>.

29. Despite subsequent attempts to reach Jarmulowicz made by Puccio since sending the December Letter, Puccio has not heard from Jarmulowicz or Lussier.

30. As a result of the Insureds' failure to cooperate, Western World has been prejudiced in several regards, including, but not limited to, defense counsel's inability to: (1) respond timely to discovery in the KC Sports Litigation; and (2) speak to the Insureds in furtherance of establishing defenses to the allegations in the KC Sports Litigation.

31. In addition, upon information and belief, Western World believes that KC's Sports Cards plans to move to default the Insureds in the KC Sports Litigation for failure to respond to discovery.

32. Western World seeks a declaratory judgment that Western World is not obligated to provide any coverage, defense, or indemnity to the Insureds for any claims arising out of the KC Sports Litigation, on the ground that the Insureds have breached their duty and obligation to cooperate under the Policy and under Massachusetts law.

33. An actual and justiciable controversy exists between Western World and the Insureds concerning the Insureds' obligation under the Policy.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiff, Western World Insurance Company, requests a Judgment which makes the following declaration of rights:

1. Western World is obligated neither to defend nor indemnify Stoneybrook Builders or Jason Jarmulowicz in connection with the action of *KC's Sports Cards and Memorabilia v. Stoneybrook Builders and Jason Jarmulowicz*; and

2. Western World is entitled to such further relief as is just and proper.

WESTERN WORLD INSURANCE COMPANY,

By its attorneys,

/s/ Jane A. Horne
_____
James J. Duane, III, BBO #136500
Jane A. Horne, BBO #672690
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210-2261
(617) 951-2100

Dated: March 5, 2014

817135_1
15953-97778